# Exhibit 1

| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. **17CI06261**<br>Court  ☒ Circuit  ☐ District<br>County  JEFFERSON CIRCUIT COURT<br>Jefferson  DIVISION THREE (3) |

**PLAINTIFF**

JAYLYNN GRACE REEVES
BRYAN DOUGLAS REEVES

6815 Brooklawn Drive, Apt. #3
Louisville,  Kentucky  40214

VS.

**DEFENDANT**

BROOKSIDE APARTMENT   PROPERTIES, LLC
6817 Brooklawn Drive

Louisville,  Kentucky  40214

Service of Process Agent for Defendant:
c/o National Registered Agent
306 W. Main Street, Suite 512

Frankfort,  Kentucky  40601

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: NOV 2 7 2017, 2_____

DAVID L. NICHOLSON, CLERK

By: _____ Clerk / D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:
_____
this ____ day of _____, 2____.

Served by: _____
_____ Title

COMMONWEALTH OF KENTUCKY
JEFFERSON COUNTY CIRCUIT COURT
DIVISION THREE (3)
CASE NO. 17CI06261

JAYLYNN GRACE REEVES
BRYAN DOUGLAS REEVES

PLAINTIFFS

V.

**COMPLAINT**

BROOKSIDE APARTMENT PROPERTIES, LLC
c/o NATIONAL REGISTERED AGENTS, INC.
306 W. MAIN STREET, SUITE 512
FRANKFORT, KY 40601

DEFENDANT

Come Plaintiff, in person and by counsel, and for their Complaint, hereby state as follows:

**INTRODUCTION**

1. This is a civil action to obtain injunctive relief and damages against the Defendants for their discriminatory and retaliatory conduct.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction in that it is an original matter which is within this Court's authority. Damages requested exceeds the minimum amount necessary to file in the Court. KRS 23A.010.

3. Venue is appropriate in that all relevant matters occurred in Jefferson County, Kentucky.

**PARTIES**

4. Plaintiff, Jaylynn Grace Reeves ("Jaylynn"), resides at 6815 Brooklawn Drive, Apt. 3, Louisville, KY 40214. The apartment complex is The Oaks of St. Andrews (premises). She is a disabled person as defined by the Kentucky Civil Rights Act. She has resided in said apartment since 18 November 2014.

5. Plaintiff, Bryan Douglas Reeves ("Bryan"), resides at 6815 Brooklawn Drive, Apt. 3, Louisville, KY 40214. The apartment complex is The Oaks of St. Andrews (premises). He is a disabled person as defined by the Kentucky Civil Rights Act. He has resided in said apartment since 18 November 2014.

6. Defendant, Brookside Apartment Properties, LLC, based upon information and belief is a Delaware Limited Liability Company with its principal place of business in Nashville, Tennessee. Defendant is the titled owner of the real property located at 6817 Brooklawn Drive, Louisville, Jefferson County, Kentucky. Defendant based upon information and belief owns and operates

an apartment complex situated on the above described premises, known as The Oaks at St. Andrews and the management company of the same believed to be Brookside Property Management.

## FACTUAL ALLEGATIONS

7. On or about 18 November 2014, Plaintiffs moved into Apartment 3, 6815 Brooklawn Drive, Louisville, Jefferson County, Kentucky.

8. Their lease was renewed, each year, and up to and including 18 November 2017.

9. On or about 10 August 2017, the Plaintiffs requested that Bryan be allowed to park his work truck on the premises.

10. This request was because Jaylynn, who is a disabled individual, needed to take her medication and that when she did so, she would not be able to awaken and drive her husband to his truck. Bryan, who would have to travel to his truck, which had previously been parked off premises, leaves for work between one thirty (1:30am) and three thirty (3:30am) in the morning.

11. That when Jaylynn takes her medicine, as prescribed, she is unable to wake up until after she receives eight (8) hours sleep.

12. Initially, Defendants agreed to this accommodation. Subsequently, however, this decision was changed and Bryan was otherwise required to remove his work truck from the premises. This occurred despite the fact that there were other commercial trucks parked on the premises.

13. Subsequently thereto, Jaylynn filed a claim with the Human Relation Commission for Louisville Metro- Jefferson County government.

14. That on 11 October 2017, the commission issued a Letter of Inquiry and the matter is currently pending investigation.

15. That in 2017, Plaintiffs have requested certain repairs to their home. Many of the requested repairs materially affected their health and safety.

16. On 11 October 2017, an inspector with Metro Government conducted an inspection and found several Housing Code violations. That same day, the inspector advised Defendants onsite personnel that Housing Code violations had been found in Plaintiff's rented unit and/or the adjacent common area.

17. Later, that same afternoon, Plaintiffs' received correspondence from Defendants, allegedly terminating their rental tenancy.

18. That Plaintiffs began inquiry as regarding moving into a new residence.

19. That the Defendants misrepresented the nature of Plaintiff's tenancy and prevented them from being able to move from their current residence.

20. That Defendants by attempting to evict Plaintiffs and/or increase their rent, have caused Plaintiff irreparable harm.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION - DISCRIMINATION BASED UPON DISABILITY

21. Plaintiffs re-allege, reiterate and incorporate the allegations contained herein above.

22. That Defendant, for all relevant times, was the owner and manager of the aforementioned apartment complex.

23. That the Defendants refusal to provide the aforementioned accommodation is a discriminatory housing practice. KRS 344.360 (1).

24. As a direct and proximate result of Defendant's refusal to continue Plaintiff's tenancy Plaintiffs have been damaged.

### SECOND CAUSE OF ACTION - PUNITIVE DAMAGES - DISCRIMINATION

25. That the aforementioned actions of Defendant were malicious and oppressive in that such was done with full knowledge of Plaintiffs' disability and were done for the purposes of oppressing the Plaintiffs.

26. Hence, Plaintiffs are entitled to punitive damages. K.R.S. 411.010 et seq.

### THIRD CAUSE OF ACTION - RETALIATION

27. That Plaintiffs re-allege, reiterate and incorporate the allegations herein above.

28. As mentioned herein above Plaintiffs requested repairs to their home which were denied and subsequently, Plaintiffs contacted the housing code inspectors of Metro Government.

29. That subsequent to those complaints to the Defendant and Metro Government, despite having previously done so for three years, Defendants failed to renew Plaintiff's lease in retaliation.

30. That said retaliation is contrary to law and as a direct and proximate result Plaintiffs have been damaged. K.R.S. 383.715

### FOURTH CAUSE OF ACTION - RETALITION

31. Plaintiffs re-allege, reiterate and reincorporate the allegations herein above.

32. In addition to attempting to terminate Plaintiff's leasehold, a demand has been made upon Plaintiffs for an increase in rental payments.

33. Based upon information and belief the amount of rent requested of Plaintiffs is more than the rental payment requested of other tenants in similarly sized rental units.

34. As a direct and proximate result Plaintiffs have been damaged.

## IRREPARABLE HARM

35. Plaintiffs re-allege, reiterate and reincorporate all of the allegations contained herein above.

36. That Defendants have prevented Plaintiffs from being able to obtain a new residence. As a result of the complaints about conditions to the apartment Defendant has attempted to evict Plaintiffs and/or increase their rent.

37. Plaintiff's rights have been and will continue to be violated by Defendant's and they will suffer irreparable harm, loss, injury and damage unless this Court enjoins Defendants from continuing this conduct.

Wherefore Plaintiffs respectfully demand as follows:

1. Assume jurisdiction over this matter.
2. Enjoin this Defendant from continuing to harm Plaintiffs.
3. Award damages to Plaintiff in amounts deemed appropriate by this Court/Jury.
4. Award Plaintiff their costs.
5. Award Plaintiff an attorney's fee.
6. Any and all relief to which Plaintiffs appear entitled.

RESPECTFULLY SUBMITTED,

_____
ROBERT FREDERICK SMITH
SMITH & CAREY, PLLC
Attorney for Plaintiffs
222 S. 1st Street, Suite 305
Louisville, KY 40202
Telephone: 502.631-9760
Fax: 502.631.9591

_JAYLYN GRACE REEVES_ (signature)
JAYLYN GRACE REEVES

The foregoing affidavit was sworn to and acknowledged before me this 22nd day of November, 2017, by Jaylyn Grace Reeves, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purpose therein contained.

My Commission expires: 3/24/2020

_Charles Paige_ (signature)
NOTARY PUBLIC
KY STATE AT LARGE

_Bryan Douglas Reeves_ (signature)
BRYAN DOUGLAS REEVES

The foregoing affidavit was sworn to and acknowledged before me this 22nd day of November, 2017, by Bryan Douglas Reeves, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purpose therein contained.

My Commission expires: 3/24/2020

_Charles Paige_ (signature)
NOTARY PUBLIC
KY STATE AT LARGE

NOT ORIGINAL DOCUMENT
01/04/2018 04:21:25 PM
Steven.Clark@skofirm.com

COMMONWEALTH OF KENTUCKY
JEFFERSON COUNTY CIRCUIT COURT
CASE NO. 17-CI-06261

          **JAYLYNN REEVES,**
          **BRYAN REEVES,**

                  **Plaintiff,**

                  **Vs.**

          **BROOKSIDE APARTMENT**
          **PROPERTIES, LLC**

                  **Defendant.**

**ANSWER AND AFFIRMATIVE DEFENSES BROOKSIDE APARTMENT PROPERTIES, LLC**

COMES NOW, Brookside Apartment Properties LLC (hereinafter "Brookside Properties"), by and through counsel, and would answer Plaintiffs Jaylynn Reeves' and Bryan Reeves' (hereinafter "the Tenants") Verified Complaint as follows:

**Introduction**

1. Admitted.

**Jurisdiction and Venue**

2. Admitted.

3. Admitted.

**Parties**

4. Admitted to the extent that Plaintiff Jaylynn Grace Reeves (hereinafter "Tenants") resides at 6815 Brooklawn Drive, Apt. 3, Louisville, Kentucky 40214; that the apartment community is The Oaks at St. Andrews, and that Tenant has resided in said apartment since November 18, 2014. Denied to the extent that Tenant is a disabled person as defined by the Kentucky Civil Rights Act.

Filed        17-CI-006261    12/21/2017        David L. Nicholson, Jefferson Circuit Clerk

01/04/2018 04:21:25 PM
Steven.Clark@skofirm.com

5. Admitted to the extent that Plaintiff Bryan Reeves (hereinafter "Co-Tenant") resides at 6815 Brooklawn Drive, Apt. 3, Louisville, Kentucky 40214; that the apartment community is The Oaks at St. Andrews, and that Co-Tenant has resided in said apartment since November 18, 2014. Denied to the extent that Co-Tenant is a disabled person as defined by the Kentucky Civil Rights Act.

6. Admitted.

### Factual Allegations

7. Admitted upon information and belief.

8. Admitted to the extent that the Tenants' lease was renewed every year except the current year starting November 18, 2017. The Tenants were issued a notice of non-renewal this year on October 11, 2017 due to their obscene and destructive behavior. Tenants have been escorted out of the apartment community's leasing office due to shouting at the Brookside Properties' leasing staff. Additionally, Tenant has engaged in the use of racial slurs on The Oaks at St. Andrew's public Facebook page, inciting negative responses from other tenants on the premises. Furthermore, the Tenants have not paid their rent in full as required by their lease, as they have refused to pay the fee imposed on residents who have a month-to-month lease.

9. Brookside Properties admits that on or about the beginning of September 2017, Tenant requested permission for Co-Tenant to park his box truck on the apartment community premises as to allow Tenant to pick up her dog from the veterinary hospital. Brookside Properties admits that despite this being a one-time exception to the general rule, set forth more fully in the Tenant and Co-Tenant's lease that forbids parking a box truck on the apartment premises, Tenant and Co-Tenant continued to park their box truck on the

Filed        17-CI-006261    12/21/2017        David L. Nicholson, Jefferson Circuit Clerk

ANS : 000002 of 000008

NOT ORIGINAL DOCUMENT
01/04/2018 04:21:25 PM
Steven.Clark@skofirm.com

premises days after the initial request for a one-time exception was granted. Co-Tenant has even parked on the grass of the premises and has blocked other vehicles that need to reach the premises. Tenant and Co-Tenant's conduct constitutes a violation of their lease. Brookside Properties admits that it notified Tenant and Co-Tenant that they must remove their box truck from the premises and issued a notice of lease violation due to the parking of the box truck on the premises on September 15, 2017. Brookside Properties admits that it received a written request in writing from Tenant on September 26, 2017 requesting a further allowance of parking the Co-Tenant's box truck on the premises. Brookside Properties admits that it denied Tenant's request.

10. Denied to the extent that Tenant is a disabled person as defined under the Kentucky Civil Rights Act. Brookside Properties lacks sufficient information to admit or deny the reason Tenant requested that Co-Tenant's box truck be allowed to park on the premises despite this being a violation of both Tenant and Co-Tenant's lease. Brookside Properties admits that the box truck is used solely by Co-Tenant and not Tenant, herself.

11. Brookside Properties lacks sufficient information to either admit or deny this statement.

12. Denied to the extent that Brookside Properties ever agreed to Tenant's request to allow Co-Tenant to park his box truck on the premises continually. Brookside Properties only allowed a one-time exception to the general rule that disallows box trucks that cannot fit in the premises' parking spaces to be parked on the premises, based on Tenant's allegations of her emergency situation with her dog. Brookside Properties denies that it ever "changed" its decision, as Brookside Property never agreed to the Tenant's request to allow Co-Tenant to park his box truck continually on the premises. Brookside Properties admits that it requested that the box truck be removed from the premises after it was discovered that Co-

NOT ORIGINAL DOCUMENT
01/04/2018 04:21:25 PM
Steven.Clark@skofirm.com

Tenant was parking his box truck on the premises after the one-time exception, as this conduct was in violation of the lease signed by Tenant and Co-Tenant. Brookside Properties admits that some construction vehicles were parked on the premises as these vehicles belonged to a construction company that did construction work on the premises. These vehicles were only parked on the premises during business hours and never parked overnight. These vehicles were only on the premises to the extent that the construction company was working on the premises and vacated the premises after work was finished.

13. Admitted.

14. Admitted.

15. Admitted to the extent that the Tenants requested repairs to their unit. Upon information and belief, Brookside denies to the extent that repairs materially affected health and safety.

16. Brookside Properties admits that the Louisville Department of Codes and Regulations conducted an inspection of the property and that on November 11, 2017, Brookside Properties received a notice of four code violations.

17. Admitted to the extent that Brookside Properties issued a notice of non-renewal to the Tenants notifying them that Brookside Properties elected to exercise its right under the lease to not renew the Tenants' lease and provided them with thirty days' notice to vacate the apartment. This notice was sent out October 11, 2017.

18. Brookside Properties lacks information sufficient to admit or deny this statement.

19. Denied.

20. Denied. Due to the notice of non-renewal and the subsequent non-renewal of the Tenants' lease, the Tenants were placed on a month-to-month lease that required an additional One Hundred Dollar ($100.00) fee due to the month-to-month status.

NOT ORIGINAL DOCUMENT
01/04/2018 04:21:25 PM
Steven.Clark@skofirm.com

## Causes of Action

### First Cause of Action – Discrimination Based Upon Disability

21. The admissions and denials set forth in Paragraphs 1-20 above are incorporated by reference and re-alleged as if set out in full herein.

22. Admitted.

23. Denied.

24. Denied.

### Second Cause of Action- Punitive Damages- Discrimination

25. Denied.

26. Denied.

### Third Cause of Action – Retaliation

27. The admissions and denials set forth in Paragraphs 1-20 above are incorporated by reference and re-alleged as if set out in full herein

28. Denied to the extent that Brookside Properties refused requested repairs for every request. Brookside Properties complied with every repair request made by the Tenants with the exception of the request to repair and replace the carpet in the unit. Brookside Properties admits that it declined to repair and replace the carpet due to the fact that the carpet was damaged due solely to the conduct of the Tenants and their dogs. Admitted to the extent that the Tenants contacted the Department of Code and Regulations.

29. Admitted to the extent that Brookside Properties refused to renew the Tenants' lease as is Brookside Properties' right set forth in the lease between Brookside Properties and the Tenants.

30. Denied.

## Fourth Cause of Action- Retaliation

31. The admissions and denials set forth in Paragraphs 1-20 above are incorporated by reference and re-alleged as if set out in full herein.

32. Denied. Due to the notice of non-renewal and the subsequent non-renewal of the Tenants' lease, the Tenants were placed on a month-to-month lease that required an additional One Hundred Dollar ($100.00) fee due to the month-to-month status. This fee does not constitute an increase in rent.

33. Denied.

34. Denied.

## Irreparable Harm

35. The admissions and denials set forth in Paragraphs 1-20 above are incorporated by reference and re-alleged as if set out in full herein.

36. Denied.

37. Denied.

## Affirmative Defenses

Defendant hereby asserts the following affirmative defenses:

1. The Kentucky Civil Rights Act is not applicable in this case as the Tenants are not disabled as defined in the Kentucky Civil Rights Act. The Kentucky Civil Rights Act defines a disabled person as: "(a) A physical or mental impairment that substantially limits one (1) or more of the major life activities of the individual; (b) A record of such an impairment; or (c) Being regarded as having such an impairment. . ." K.R.S. § 344.010(4). In the case at hand, neither Tenant nor Co-Tenant fall under this definition of disabled. Furthermore,

Filed 17-CI-006261 12/21/2017 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/04/2018 04:21:25 PM
Steven.Clark@skofirm.com

neither Tenant nor Co-Tenant provided any documentation regarding a disability to Brookside Properties.

2. The Tenants fail to state a claim under the Kentucky Civil Rights Act. First, the Tenants are not disabled as defined in the Act. Second, even if the Tenants were found to be disabled within the definition of the Act, the actions taken by Brookside Properties were not discriminatory or retaliatory. The rule that prohibits the parking of box trucks on the premise is a rule for all tenants living at the apartment community and the alleged increase in rent is simply a fee added to the Tenants' rent because of their month-to-month leasing status. This fee is added to any tenants who are living at the apartment community on a month-to-month contract and is a part of the lease signed by Tenant and Co-Tenant. The Tenants have refused to pay this fee as required in their lease.

3. Brookside Properties reserves any and all other applicable affirmative defenses not listed in this pleading.

Date: December ___, 2017

Respectfully Submitted,

  /s/ Jennifer McCoy
Jennifer McCoy, #96591
THE LAW OFFICE OF JENNIFER MCCOY, PC
707 Main Street, #126
Nashville, TN 37206
(615) 500-8577

ANS : 000007 of 000008

Filed 17-CI-006261 12/21/2017 David L. Nicholson, Jefferson Circuit Clerk

Filed          17-CI-006261     12/21/2017          David L. Nicholson, Jefferson Circuit Clerk

Filed              01/04/2018 04:21:25 PM
                   Steven.Clark@skofirm.com

## CERTIFICATE OF SERVICE

      I, Jennifer McCoy, hereby certify that a true and correct copy of the foregoing was served upon the below party on December __, 2017 by United States First Class Mail, postage prepaid.

Robert Frederick Smith  
Smith and Carey, PLLC  
Attorney for Plaintiffs  
222 S. 1st Street, Suite 305  
Louisville, KY 40202

                                                  _/s/ Jennifer McCoy_____  
                                                    Jennifer McCoy

ANS : 000008 of 000008

Filed          17-CI-006261     12/21/2017          David L. Nicholson, Jefferson Circuit Clerk